# BALTIMORE CITY COURT

Filed March 9, 1901.

JOHN PIERCE BRUNS
VS.
THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY, A BODY CORPORATE, DULY INCORPORATED UNDER THE LAWS OF THE STATE OF KENTUCKY.

*Taylor & Keech* for plaintiff.
*Geo. Dobbin Penniman* for defendant.

STOCKBRIDGE, J.—

The motion in this case involves, and in fact depends upon the construction and effect to be given to Chapter 21, of the Acts of 1900, which provides for the manner of serving process upon corporations. The Act of 1900 was an amendment of the Act of 1892, but for the present purpose the difference between these two acts is not of very great importance. By both of these acts there was introduced a new element in the service of process modifying the law as it had theretofore stood.

These acts deal and deal only with the service of process upon corporations, they have nothing to do with service of process upon individuals; they provide upon what officials or employees of a corporation process may be served to be a good service upon the corporation. It is apparent from a most casual reading of the acts that they group these into two classes: first corporations created within the State and of which the president, directors or manager, and certain other named officials may be presumed to be located within the State; the other class, those corporations which are not creations of our own laws, and which may be represented here by agents or subordinate officials, which may have property here, either chattel property or funds which may be made a subject of garnishment.

Upon this latter class it is impossible to have a service of process upon the president, directors or managers, who are, by the very terms of the incorporation in the State of which such corporations are the creations, in all probability domiciled in such State, but with regard to corporations of this description it is expressly provided that a service may be had upon any agent, attorney or other person in the service of such corporation. Then follows the provision which first appears in the Act of 1892, "that in every case the officer serving process shall leave a copy of such process with the person upon whom the same is served."

It is contended in behalf of the motion to quash, that this applies to officers and persons of every class whether the corporation be a resident or non-resident; with this view I can not agree. It seems to me that it was the intention of the Legislature by the passage of these laws, to provide especially for cases where the original defendant was a non-resident corporation, and by the requirement of the service of a copy upon the person upon whom such process might be served, to make provision by which the defendant named in the pleadings might be accurately apprised of their nature and character, and therefore, that this provision of the act with regard to the service of a copy applies only to the second class of corporations named in the act, to wit: those where neither the president nor any of the directors or managers of such corporations are within the State of Maryland, amenable to the process of our Courts. When we examine the pleadings in this case we find that the defendant named is the Louisville and Nashville Railroad, and it is alleged in the declaration to be a corporation formed in another State; there is no corporation named as a party to the suit, in the pleadings as filed, other than this non-resident corporation; there is neither allegation nor suggestion that the president or any of the directors or managers of the corporation are within the jurisdiction of our Courts, and service of process, therefore, can only be

made upon some agent, attorney or other person in the service of the corporation, that is, on one of the class of persons secondly named in the Act of 1900, the very class with regard to whom it is provided a copy shall be served, and for this reason the motion to quash must prevail so far as it attacks the service of process upon certain named individuals, since it is admitted that no copy was left as provided in the Act.

I do not lose sight of the fact, that by the sheriff's return the process appears to have been served upon an officer of a Maryland corporation, as laying an attachment in his hands, being designed to be an attachment against the funds of the defendant named in the pleadings, in the hands of such Maryland corporation. This cannot, however, affect the view taken of the statute, and for this reason. The case against the B. & O. Railroad, a Maryland corporation, becomes such, not by virtue of any of the pleadings in the case up to this time, but because by the law, upon the sheriff's return being made, the clerk of the Court is required to docket a suit against each person or body corporate in whose hands the attachment may have been laid; so far as the pleadings disclose the only parties to the suit are the plaintiff and the non-resident corporation defendant, and in that condition it was undoubtedly the intent and purpose of the Legislature, that a service of copy should be had. Accordingly so far as the process was sought to be executed by a laying in hands, the motion to quash must prevail.

What has been said thus far, however, does not apply to so much of the proceeding as consists in a levy upon specific chattels, namely, one car of the Louisville and Nashville Railroad. A proceeding by way of attachment, where it is sought to be executed, not by a laying in hands, but by a levy upon specific property, closely approximates and is in most respects a proceeding in rem. The property levied on may or may not be in the actual, visible, physical possession or custody of any person whatever, but that fact cannot operate to prevent a levy being made upon this specific property, and if no person is in such visible possession it is, of course, idle to say that there must be a service of copy, and

the law was manifestly not intended to apply to a case of such a character.

If it does not apply to a case of property taken where there is no visible custodian, and the law must of course operate uniformly, where the levy is upon specific chattels it is valid and effectual, whether in visible possession or not, without the leaving of any copy whatever of the process; for that reason, in so far as the present motion is an application to quash the attachment, a levy upon specific property, namely, a car of the Louisville and Nashville Railroad Company, the motion will be overruled.